UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| MARCUS K. SULLIVAN, ) | Case No. 09-44079-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| RAYMOND HOWARD, ) | **Adversary No. 09-4123-659** |
| ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| MARCUS K. SULLIVAN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Motion of Creditor Raymond Howard's Objection to Discharge of Creditor's Attorney Fees, which was filed as the Adversary Complaint and Debtor's Response to Adversary Complaint. On September 15, 2009, the matter was set for trial and Raymond Howard (hereinafter "Plaintiff") was the only party who appeared. The matter was taken as submitted. Upon consideration of the record as a whole, the Court issues the following FINDINGS OF FACT:

On or about December 15, 2004, an Administrative Child Support Order obligated Debtor Marcus K. Sullivan (hereinafter "Debtor") to pay child support to Yolanda Robinson (hereinafter "Robinson") for the support of their two children. On or about June 14, 2005, Debtor filed suit for custody against Robinson in the Circuit Court of St. Louis County (hereinafter "State Court Lawsuit") wherein Debtor sought custody of the children and requested child support be paid to him by Robinson. Plaintiff, an attorney, represented Robinson in the State Court Lawsuit. On December 2, 2005, Debtor failed to attend a pretrial settlement conference. The State Court dismissed Debtor's Petition and ordered Debtor to pay Plaintiff $1,499.99 as and for attorney's fees for Plaintiff's representation of Robinson in the State Court Lawsuit. Debtor refused to pay said

attorney's fees. Plaintiff filed a Motion for Contempt against Debtor in State Court on January 4, 2008. On February 11, 2008, Debtor agreed to pay Plaintiff an aggregate sum of $1,949.99 which comprises $1,199.99 for the aforementioned attorney fees plus an additional $750.00 for attorney's fees in relation to the Motion for Contempt. The State Court entered judgment consistent with this agreement and further ordered Debtor pay Plaintiff $62.50 bi-weekly as of March 11, 2008. Plaintiff contends Debtor currently owes him $889.00.

On August 8, 2008, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and listed Plaintiff as an unsecured creditor owed $2,000.00. Plaintiff filed this adversary complaint requesting the Court declare $889.00 as a nondischargeable domestic support obligation. Debtor objects and claims fees owed to Plaintiff are not part of any child support payment awarded Robinson.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

The issue before the Court is whether court ordered attorney's fees are excepted from discharge as a "domestic support obligation" under the Bankruptcy Code when those fees are paid directly to the attorney and the work done by that attorney did not alter or effect the current custody agreement between the parties of that case.

The Bankruptcy Code makes it clear that domestic support obligations, including child support, are not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5). Attorney's fees which arise from litigation involving child support are considered "domestic support" obligations, even if paid directly to the attorney, as long as the obligation is in the nature of support of the child. *In re Kline*, 65 F.3d 749, 751 (8th Cir. 1995). Whether a debt is a domestic support obligation is a question of fact to be decided by the bankruptcy court. *In re Williams,* 703 F.2d 1055, 1056 (8th Cir.

1983).  In order to determine whether the debt is in the nature of support of the child, the court must consider whether the action which gave rise to the debt has a tangible relationship to the child's welfare.  *Adams v. Zentz*, 963 F.2d 197, 199 (8th Cir. 1992).  Where fees have been incurred as a result of continuing litigation involving child custody and support issues, courts have found it is within a parents' duty to ensure custody matters are fully and fairly litigated. *Staggs v. Staggs*, 203 B.R. 712, 718 (Bankr. W.D. Mo. 1996).

Although Debtor is required to pay the fees incurred by Robinson directly to her attorney, the debt may still be treated as a support obligation if the debt was incurred in relation to Robinson's support of the children.  The State Court Lawsuit is directly related to the welfare of the children as its outcome, if fully litigated, would have determined both custody rights and monetary child support duties.

Plaintiff's attorney's fees are in the nature of a domestic support obligation and, having been incurred as a direct result of actions taken by Debtor in initiating the State Court Lawsuit, the fees were reasonably assigned to Debtor.  Pursuant to 11 U.S.C. § 523(a)(5), the attorney's fees at issue are domestic support obligations and are not dischargeable in Debtor's Chapter 7 Bankruptcy.  An order consistent with the above will be entered separately.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  February 22, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Raymond Howard
7912 Bonhomme, Suite 104
Saint Louis, MO 63105

Marcus K Sullivan
6014 Harney
Saint Louis, MO 63136